UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:23-CR-55-PPS-JEM |
| ) | |
| EMAD ABED, GARY FRENSTAD, and ) | |
| TESFAI TEKLE, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Emad Abed's PreTrial Motion to Transfer the Trial Venue Pursuant to Federal Rule of Criminal Procdure (sic) 21(b) [DE 35], filed on December 8, 2023. The Government filed a response in opposition on December 27, 2023, and Abed filed a reply on January 4, 2024.  Abed filed a supplemental brief on February 22, 2024.

**I.     Background**

In this case, Abed, along with two other defendants, has been charged with three counts of wire fraud, and Abed was also charged with one count of identity theft. The Indictment alleges that the defendants conspired to and took action to transfer real property, interests in businesses, and money from a now- deceased individual to Abed. The individual died in Lake County, Indiana, and the parcels of real property at issue are located in Lake County, Indiana, and Cook County, Illinois. Abed is alleged to have made representations as to the business interests and other assets of the deceased individual in courts in Cook County, Illinois, Lake County, Indiana, the United States District Court for the District of Minnesota, and the United States District Court for the Northern District of Indiana. Additionally, Abed is alleged to have used a means of identification of the deceased individual in undertaking the actions. Defendant Tekle entered into a plea agreement and pleaded guilty on February 20, 2024.

1

## II. Analysis

Seeking a transfer of venue, Abed argues that the acts alleged to have constituted the offenses occurred in Minnesota and that therefore transfer to the United States District Court of Minnesota is appropriate for the convenience of the parties. The Government opposes the request for transfer and argues that many of the acts to commit the offenses occurred in Lake County, Indiana, which is in the Northern District of Indiana, and that venue is proper in the United States District Court for the Northern District of Indiana.

Although the Constitution provides that trials should occur in the "district wherein the crime shall have been committed," U.S. Const. amend. VI, the Federal Rules of Criminal Procedure create an exception when the convenience of the parties, victims and witnesses warrants a change of venue: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). Courts apply the ten-factor test set forth in *Platt v. 3M* when determining whether transfer of venue is warranted. *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964). The ten factors are:

> (1) location of [the] defendant[s]; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*United States v. Morrison*, 946 F.2d 484, 489 n. 1 (7th Cir. 1991) (internal citations omitted). None of these factors is dispositive, but rather the Court must balance them and determine which factors carry the most weight in each case. *Id*. The ultimate decision rests within the discretion of the

Court. *Morrison*, 946 F.2d at 489 (7th Cir. 1991). The facts must "compel and not merely support venue transfer." *Id*.

### A. Location of Defendants

Abed argues that he, as well as the other two defendants, are located in Minnesota, and the fact that they are elderly, and in poor health, as well as the expenses of getting to and staying in northwest Indiana, weigh in favor of transfer. The Government argues that Abed has sought permission to travel from Minnesota to various locations with no concerns expressed about his health, and that he has been granted permission to stay in the home of someone in the Illinois to save the cost of hotel stays, so his arguments are without merit.

The defendants, including the defendant who recently pleaded guilty and the defendant who has not yet been arraigned, all reside in Minnesota. Abed has traveled to Indiana for this, and other, litigation. Abed has also traveled to other jurisdictions during the pendency of this action, so he is not unable to travel. Defendant Frenstad, who has not yet been arraigned, is disabled and purportedly unable to travel. Defendant Tekle has pleaded guilty. This factor weighs in favor of a transfer of venue to Minnesota.

### B. Location of witnesses

The defendants, all of whom may be witnesses, and two notaries who purportedly notarized the various transfer documents, are all Minnesota residents. Abed argues that the victim's former wife, who may also be a witness, is an Illinois resident. The investigating agents are located in Indiana. Witnesses to purported oral statements made in court proceedings are located in Illinois, Indiana, and Minnesota (although presumably those statements may also be available through transcripts of the proceedings and may not require live witnesses). The Government argues that it

may call the deceased individual's attorneys and accountants about the business interests at issue, and those witnesses are in Indiana and nearby areas of Illinois. Other possible Government witnesses are employees of the relevant government offices where the deeds were recovered in Indiana and Illinois, and family members of the deceased victim, in Illinois.

Overall, the number of non-Minnesota witnesses exceeds the number of Minnesota witnesses, and, other than the Minnesota notaries, the other Minnesota witnesses are also defendants. Although Abed indicates that he would be calling family members, it is unclear whether their testimony relates to the elements of the offenses or to Abed's and the deceased's relationship. The substantive testimony of non-Minnesota witnesses, i.e., investigative agents, Ms. Diaz, the victims, court and other governmental officials, is relevant to the crimes charged. The non-Minnesota witnesses are located in either Indiana or nearby areas of Illinois. Additionally, Rule 21(b) "requires the court to consider the convenience of victims." Fed. R. Crim. P. 21, advisory note 2010. The victims are an Indiana estate and the heirs of that estate, who are Illinois residents. The area of Illinois in which the witnesses live is, in general, less than an hour drive away. Accordingly, the location of witnesses weighs against transfer to Minnesota.

C. <u>Location of events at issue</u>

Abed argues that all of his purported actions took place in Minnesota, including the preparation of documents, the witnessing of documents, the notarization of documents, and his online recording of documents. The Government argues that the real property, business entities, and bank accounts at issue were located in Indiana and Illinois, not Minnesota, and that the crime was not the preparation of the documents, but the recording of the deeds in Indiana and Illinois, and the false testimony in Indiana in furtherance of the scheme.

4

Abed allegedly engaged in criminal activities which occurred in Minnesota, Illinois, and Indiana. The results of those activities involved real properties, business entities, and financial assets located in Illinois and Indiana, but not in Minnesota, weighing against transfer to Minnesota.

D. <u>Location of necessary documents and records</u>

Abed argues that originals of the documents at issue are located in Minnesota but admits that most of the documents are also available digitally, and those copies can easily be transferred from one district to another. Abed also argues that requiring him to transport the originals would be burdensome. Abed does not indicate how many original documents would need to be transported. The Government does not address this factor. Because Abed concedes that most of the records are available digitally, and he has not shown that the number of originals to be transported is voluminous, this factor is neutral.

E. <u>Defendant's business</u>

Abed argues that although he is unemployed, a trial in Minnesota would minimize the disruption of his day-to-day activities and his medical treatments. The Government argues that Abed's own conduct during the pendency of this case bely his arguments that travel and being away from Minnesota are burdensome, citing his request to visit a girlfriend in New Mexico for 5 days in September, 2023, the fact that when he was arrested in July, 2023, he was staying with an aunt in Burbank, Illinois, his travel to Crown Point, Indiana to testify in April 2023, and the fact that he has requested and been granted permission to stay with a friend in the Northern District of Illinois when he wishes to meet in person with counsel.  [DE 32]. He cites no new evidence to support his arguments that now those arrangements are not sufficient. The disruption to Abed's life does not weigh in favor of transfer to Minnesota.

F. Expense to the parties

Abed argues that it will cause extreme hardship for him to travel to and stay in Indiana for a trial. Abed argues that the Government is better able to bear the expense of transferring the case to Minnesota and expending funds for the travel and lodging of investigative agents. The Government argues that Abed's concerns about expense of hotel stays was addressed by the Court when it granted him leave to stay with a friend in the Northern District of Illinois when he is handling matters related to this case.

Abed will incur travel expenses from his home to Minnesota to the Northern District of Indiana for trial and may incur lodging expenses. The Government would have to arrange for travel and lodging for numerous witnesses if the case is transferred. The expense to the parties does not weigh in favor of transfer to Minnesota.

G. Location of counsel

Abed argues that his appointed counsel is located in Indiana and therefore in-person meetings are costly and impose a significant hardship, and that "real time and in-person review of discovery with counsel has been rendered nearly impossible." Abed also argues that his attorney will need to conduct an investigation and interviews in Minnesota. The Government argues that Abed has been able to visit his counsel and in his prior request that he be allowed to stay with a friend when meeting with counsel did not indicate that meeting with counsel was "nearly impossible." The location of counsel weighs against transfer to Minnesota.

H. Accessibility of the place of trial

Abed argues that the District Court of Minnesota, located in the Minneapolis-St. Paul area is easily accessible by a large airport, and that the area offers Abed more options for public

transport, familial support, and medical care he needs. Abed also argues that the Hammond Courthouse is not in a major metropolitan area and is remote for a non-resident. The Government argues that the location of Hammond courthouse is easily accessed via two major airports in Chicago.

The Hammond courthouse is within approximately a one-hour drive of the two major Chicago area airports, the area offers a plethora of hotel accommodations, and Abed has a place where he can stay when in the area for matters related to this case, so Abed's arguments about the inaccessibility of the Northern District of Indiana are not well-founded. Accessibility does not weigh in favor of transfer to Minnesota.

I. Docket condition of venues

Abed argues that the District of Minnesota has more District Judges and Magistrate Judges and is "likely less judicially taxed and its larger size enables it to distribute its trial load in a more even manner." The Government does not address this issue. In light of the Speedy Trial Act, "this factor does not influence the determination of transfer." *United States v. Balsiger*, 644 F. Supp. 2d 1101, 1126 (E.D. WIS. 2009). Abed offers no evidentiary or statistical support for his supposition, and the Court does not consider that his speculation about this factor weighs in favor of transfer to Minnesota.

J. Other factors argued to be relevant

Abed argues that because Minnesota is one consolidation federal district with a population of over 200,000 Muslims, it will "provide a more likely religiously diverse cross section from which to select and empanel a petit jury." The Government argues that a transfer pursuant to Rule 21(b) is not required "simply because he believes a jury in a different district will be more

7

sympathetic to him," citing *United States v. Jordan Solis*, 223 F.3d 676, 686 (7th Cir. 2000). The Government also argues that Abed offers no evidentiary support for his theory that a Northwest Indiana jury will be less impartial in a case involving a Palestinian or a Muslim.

"Venue is not the defendant's choice to be determined on the basis of where he believes a jury will be more sympathetic to his [] views." *Jordan Solis*, 223 F.3d at 686. "Defendants are not entitled to a jury of any particular composition." *United States v. Raszkiewicz*, 169 F.3d 459,462 (7th Cir. 1999). This factor does not weigh in favor of transfer to Minnesota.

On review of the factors and weighing them, the Court concludes that the location of the Defendants is the only factor which weighs in favor of transfer, as the remaining factors are either neutral or weigh against transfer. Accordingly, the Court concludes that Abed has not shown that the convenience of the parties and witnesses and interests of justice require transfer of this case to Minnesota. Abed has not demonstrated that "all relevant things considered, the case would be better off transferred to another district." *Balsiger*, 644 F. Supp. 2d at 1127.

### III. Conclusion

Based on the foregoing, the Court hereby **DENIES** Emad Abed's PreTrial Motion to Transfer the Trial Venue Pursuant to Federal Rule of Criminal Procdure (sic) 21(b) [DE 35].

SO ORDERED this 1st day of March, 2024.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record